IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOAN RICHARDSON and WILLIAM BARTON, on behalf of themselves and all other similarly situated, | : : : : | CIVIL ACTION |
| Plaintiffs, | : : | |
| v. | : | No. 15-0772 |
| DAVID BEZAR, | : : : | |
| Defendant. | : : | |

**MEMORANDUM**

**ROBERT F. KELLY, Sr. J.**                                                                                      **OCTOBER 5, 2015**

Presently before this Court is the Motion to Dismiss Plaintiffs' Complaint filed by Defendant, David Bezar (Defendant). Plaintiffs, Joan Richardson and William Barton, on behalf of themselves and all others similarly situated ("Plaintiffs"), requested a two week extension of time to file a response until September 18, 2015, which was granted by the Court; however, they have failed to respond to the Motion. For the reasons set forth below, this Motion is granted.

**I.   DISCUSSION**

Plaintiffs filed this collective action pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"). While employed by Vantage Point Bank ("VPB") and Vantage Point Financial Services ("VPFS") between March 2011 and the present, Plaintiffs assert that they, as well as other members of the Asserted Class, were not compensated for the full extent of their overtime hours in violation of the FLSA.[1]  (Compl. ¶ 38.)  Defendant moves for dismissal arguing that the Complaint fails to establish liability on his part as an "employer" under the

---

[1] VPB and VPFS were originally named as Defendants; however, Plaintiffs voluntarily dismissed them from the action. (Def.'s Mot. to Dismiss at 3-4.) The only remaining Defendant is David Bezar, who served as VPB's President during the pertinent time period. (Compl. ¶ 16.)

FLSA.  (Def.'s Mot. to Dismiss at 6-10.)

The FLSA defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee," 29 U.S.C. § 203(d), and an "employee" as "any individual employed by an employer," 29 U.S.C. § 203(e)(1).  The FLSA prohibits an "employer" from failing to pay overtime compensation.  29 U.S.C. § 207(a)(1).  "Aside from the corporate entity itself, a company's owners, officers, or supervisory personnel may also constitute 'joint employers' for purposes of liability under the FLSA." Thompson v. Real Estate Mortg. Network, 748 F.3d 142, 153 (3d Cir. 2014).  "When determining whether someone is an employee under the FLSA, the economic reality rather than the technical concepts is to be the test of employment.  Under this theory, the FLSA defines employer expansively, and with striking breadth.  The Supreme Court has even gone so far as to acknowledge that the FLSA's definition of an employer is the broadest definition that has ever been included in any one act." Id. at 148 (quoting In re Enterprise Rent–A–Car Wage & Hour Emp't Practices Litig., 683 F.3d 462, 467–68 (3d Cir. 2012)) (internal citations omitted).

"A 'single individual may stand in the relation of an employee to two or more employers at the same time under the [FLSA].'" In re Enterprise, 683 F.3d at 467 (quoting 29 C.F.R. § 791.2(a)).  "A determination as to whether a defendant is a joint employer 'must be based on a consideration of the total employment situation and the economic realities of the work relationship.'" Id. at 469 (quoting Bonnette v. California Health & Welfare Agency, 704 F.2d 1465, 1470-71 (9th Cir. 1983)).  In order to determine whether a defendant is a "joint employer" under the FLSA, courts must apply the multi-factor Enterprise test. Id. at 468-69.  The enumerated factors for the Enterprise test include: (1) the alleged employer's authority to hire

and fire the relevant employees; (2) the alleged employer's authority to promulgate work rules and assignments and to set the employees' conditions of employment: compensation, benefits, and work schedules, including the rate and method of payment; (3) the alleged employer's involvement in day-to-day employee supervision, including employee discipline; and (4) the alleged employer's actual control of employee records, such as payroll, insurance or taxes. Id. This list is not exhaustive and "a determination as to whether a defendant is a joint employer must be based on a consideration of the total employment situation and the economic realities of the work relationship." Id. (citation omitted.)

Defendant argues that dismissal is proper because "Plaintiffs' Complaint is devoid of any allegations concerning Mr. Bezar's relationship with the purported class." (Def.'s Mot. to Dismiss at 8.) He states that "[t]here are no allegations that [he] set the rate of employment, was involved in any way in a supervisory capacity with the Plaintiffs, or whether he played any role whatsoever in the employment decisions regarding the Plaintiffs." (Id.)

Plaintiffs' failure to respond to Defendant's arguments leaves the Court with no counter argument. Necessarily, the Court's sole focus is upon the Complaint. (See Compl. ¶¶ 16, 24-27.) The Complaint's pertinent paragraphs include allegations that Defendant is an employer as defined by the FLSA and "acted in the interest of an employer towards Plaintiffs and other similarly situated employees at all material times, including without limitation directly or indirectly controlling the terms of employment of Plaintiffs and other similarly situated employees." (Id.) Plaintiffs state that Defendant was VPB's President managing, owning and/or operating VPB and VPFS, and he "regularly exercised the authority to hire and fire employees, determine the work schedules of employees, set the rate of pay of employees, and control the

finances and operations of [VPB] and [VPFS]."  (Id. ¶ 16.)

Other than these general allegations, the Complaint is void of any factual allegations by which we can conclude that Defendant is Plaintiffs' joint employer under the FLSA.  The Complaint fails to include sufficient factual content for the Court to properly apply the Enterprise test and take into account the total employment situation and the economic realities of the work relationship between Plaintiffs and Defendant.  While Defendant was apparently the president of VPB and managed, owned and/or operated VPB and VPFS during the pertinent time period, "[c]ommon ownership or membership in a common enterprise is insufficient to show that an entity is a joint employer."  Mackereth v. Kooma, Inc., No. 14-4824, 2015 WL 2337273, at *6 (E.D. Pa. May 14, 2015) (citing Davis v. Abington Mem'l Hosp., Nos. 09-5520, 09-5533, 09-5548, 09-5549, 09-5550, 09-5551, 2012 WL 3206030, at *5 (E.D. Pa. Aug.7, 2012) ("These Defendants cannot be held liable merely because they have common ownership or are otherwise part of a common enterprise wherein some entities are employers of the named Plaintiffs.")).

We note that in order to survive a motion to dismiss, "a complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to 'show' such an entitlement with its facts."  Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009) (citing Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008)).  "To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible.  This then 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  Accepting the Complaint's factual allegations as true and drawing inferences in Plaintiffs' favor, we find that Plaintiffs have failed to allege sufficient factual matter to show that Defendant is liable as an "employer" under

the FLSA.  As a result, Defendant's Motion to Dismiss is granted, and the Complaint is dismissed with prejudice.

An additional ground upon which dismissal is warranted is the fact that Plaintiffs, who are represented by counsel, have failed to file any response to the Motion to Dismiss despite being granted an extension of time to do so.  See E. D. Pa. R. Civ. P. 7.1(c) ("In the absence of a timely response, the motion may be granted as uncontested except as provided under [the Federal Rule of Civil Procedure governing summary judgment motions].").  Consequently, it appears that Plaintiffs are not interested in pursuing this action.  See Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir.1991) ("There may be some cases where the failure of a party to oppose a motion will indicate that the motion is in fact not opposed, particularly if the party is represented by an attorney and in that situation [Local Rule of Civil Procedure 7.1(c)] may be appropriately invoked.").  Since Plaintiffs have failed to oppose Defendant's Motion to Dismiss, we grant the Motion as unopposed.

An appropriate Order follows.